UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EVANS, | No. 2:18-cv-3129 KJN P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| D. STRUVE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights action under 42 U.S.C. § 1983. On December 19, 2018, the undersigned ordered plaintiff to provide pertinent documents for service of process. Plaintiff submitted the documents, but also notified the court that he inadvertently checked "yes" to question D.5(c), "did you appeal your request for relief on claim I to the highest level?" and meant to check "no" for that box. (ECF No. 11.) Plaintiff states that this is his first filing, and he was told that if the relief he seeks cannot be granted by the highest level in the administrative process, he could go straight to the courts. Plaintiff asks to have this typo fixed because he does not want the officers to use this as a way to avoid responsibility for their actions. (<u>Id.</u>)

However, before the court corrects plaintiff's typographical error, plaintiff is warned that he was given incorrect information as to the exhaustion of administrative remedies. Plaintiff is now required to exhaust his available remedies prior to filing suit in federal court, no matter the

1

relief sought. Indeed, in 2001, the Supreme Court held that administrative exhaustion is required even where the grievance process does not permit the award of money damages and the inmate only sought money damages. Booth v. Churner, 532 U.S. 731, 738 (2001). Just last year, the Ninth Circuit stated that "[w]hen an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion." Fuqua v. Ryan, 890 F.3d 838, 845 (9th Cir. 2018), quoting Ross v. Blake, 136 S. Ct. 1850, 1859 (2016). Thus, although failure to exhaust is "an affirmative defense the defendant must plead and prove," Jones v. Bock, 549 U.S. 199, 204 (2007), plaintiff runs the risk of delaying his ability to seek relief in the federal courts or having his claims denied based on a failure to first exhaust his administrative remedies before bringing suit in federal court.[1] Therefore, plaintiff may opt to voluntarily dismiss this action while he completes the exhaustion process, if he has not yet done so.

Legal Standards Governing Exhaustion

In order to assist plaintiff in determining whether he should voluntarily dismiss this action, the court provides the following standards governing exhaustion of administrative remedies.

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner challenging prison conditions to exhaust available administrative remedies before filing suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

---

[1] In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*). In order to defeat a properly supported motion for summary judgment based on a prisoner's failure to exhaust pursuant to 42 U.S.C. § 1997e(a), plaintiff must "come forward with some evidence showing" that he has either (1) properly exhausted his administrative remedies before filing suit or (2) "there is something in his particular case that made the existing and generally available remedies unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citation omitted).

2

administrative remedies as are available are exhausted."). Exhaustion is a precondition to suit; exhaustion during the pendency of the litigation is insufficient. McKinney, 311 F.3d at 1199-1200.5. This requirement promotes the PLRA's goal of efficiency by: "(1) 'giv[ing] prisoners an effective incentive to make full use of the prison grievance process'; (2) reducing prisoner suits as some prisoners are 'persuaded by the proceedings not to file an action in federal court'; and (3) improving the quality of any remaining prisoner suits 'because proper exhaustion often results in the creation of an administrative record that is helpful to the court.'" Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (quoting Woodford v. Ngo, 548 U.S. 81, 94-95 (2006)).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford, 548 U.S. at 90. These rules are defined by the prison grievance process itself, not by the PLRA. Jones v. Bock, 549 U.S. at 218. "[A] prisoner must 'complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.'" Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010) (quoting Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)). In California, a grievance must be timely appealed through the third level of review to complete the administrative review process. Harvey, 605 F.3d at 683; Cal. Code Regs. tit. 15, § 3084.1(b).

The State of California provides its inmates and parolees the right to administratively appeal "'any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.'" Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. Jones, 549 U.S. at 218; see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations"). California prisoners are required to lodge their administrative complaint on a CDCR-602 form (or a CDCR-602 HC

3

form for a health-care matter). The level of specificity required in the appeal is described in a regulation:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. [¶] The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a) (3-4).[2] An inmate has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b). An inmate must exhaust available remedies, but is not required to exhaust unavailable remedies. Albino, 747 F.3d at 1171. "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" Id. (quoting Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005)). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross v. Blake, 136 S. Ct. at 1858 (quoting Booth, 532 U.S. at 738).

////

////

---

[2] On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7. Several Ninth Circuit cases have referred to California prisoners' grievance procedures as not specifying the level of detail necessary and instead requiring only that the grievance ''describe the problem and the action requested.'' See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Cal. Code Regs. tit. 15, § 3084.2); Sapp, 623 F.3d at 824 (''California regulations require only that an inmate 'describe the problem and the action requested.' Cal. Code Regs. tit. 15, § 3084.2(a)''); Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (when prison or jail's procedures do not specify the requisite level of detail, '''a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought'''). Those cases are distinguishable because they did not address the regulation as it existed at the time of the events complained of in plaintiff's complaint. Whatever the former requirements may have been, in California since January 28, 2011, the operative regulation set forth above requires specificity in administrative appeals.

4

Conclusion

Therefore, plaintiff is granted twenty-one days in which to inform the court whether he wishes the court to correct his typographical error in section D.5(c) to answer "No" (ECF No. 1 at 4) and proceed with service of process, or whether he wishes to voluntarily dismiss this case while he exhausts his administrative remedies.

In accordance with the above, IT IS HEREBY ORDERED that within twenty-one days plaintiff shall complete and file the attached Notice.

Dated: February 1, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/evan3129.ntc

|  |  |
|---|---|
| DAVID EVANS, | No. 2:18-cv-3129 KJN P |
| Plaintiff, |  |
| v. | NOTICE |
| D. STRUVE, et al., |  |
| Defendants. |  |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff hereby notifies the court, in compliance with the court's order

filed_____:

_____ Plaintiff asks the court to correct the typo in section

D.5(c) to answer "No" (ECF No. 1 at 4);

**OR**

_____ Plaintiff asks the court to voluntarily dismiss this action.

DATED:

_____
Plaintiff

1